# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4613

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

OSCAR PACAS-RENDEROS, a/k/a Oscar Gonzalez, a/k/a Oscar Pacas-Oranderas, a/k/a Baudillo Gonzalez, a/k/a Oscar Tapia,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:13-cr-00184-REP-1)

Submitted:  April 19, 2018                 Decided:  May 7, 2018

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Mary E. Maguire, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Pacas-Renderos, a native and citizen of El Salvador, appeals the 18-month sentence imposed upon the revocation of his previously imposed 3-year term of supervised release. There is no dispute that this sentence is within the properly calculated sentencing range applicable to the greater of Pacas-Renderos' two supervised release violations. Pacas-Renderos contends that this sentence is plainly procedurally unreasonable because the district court did not specifically respond to his arguments for a noncustodial punishment.[*] We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013); *see United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations utilized in our evaluation of original criminal sentences. *Id.* at 438. In this initial inquiry, the court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007)

---

[*] Pacas-Renderos also maintains that the district court clearly erred in its characterization of his offense conduct, which was one reason the court identified to justify the selected sentence. We disagree, finding no such error in the district court's characterization of Pacas-Renderos' conduct.

(internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly so." *Id*. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2013). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis" for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440.

We have reviewed the record and conclude that Pacas-Renderos' sentence is not plainly procedurally unreasonable. The district court clearly stated that it selected this sentence both to deter Pacas-Renderos from again illegally reentering the United States and to protect the public from future crimes he might commit. *See* 18 U.S.C. § 3553(a)(2)(B)-(C); 18 U.S.C. § 3583(e) (2012). The record also makes plain that the court chose this sentence because Pacas-Renderos' most recent illegal reentry into this

3

country amounted to a significant breach of the court's trust. *See* USSG ch. 7, pt. A(3)(b). Given that the district court identified these proper and persuasive reasons for the revocation sentence, we reject Pacas-Renderos' claim that the court committed reversible error. *Cf. Slappy*, 872 F.3d at 208-10 (vacating revocation sentence and remanding for resentencing because the district court not only failed to respond to arguments in favor of a within-policy statement range sentence, but also did not explain its reasons for imposing the "statutory maximum sentence" available in that case).

We thus affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*